IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DERRICK A. LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:05CV933 |
| | ) | |
| JOHN E. POTTER, Postmaster General, | ) | |
| United States Postal Service, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION

Beaty, Chief District Judge.

This matter is before the Court on a Motion for Summary Judgment [Document #16] filed by Defendant John E. Potter ("Defendant") seeking to dismiss all of the claims asserted by Plaintiff Derrick A. Lee ("Plaintiff"), who is proceeding *pro se*. For the reasons discussed below, Defendant's Motion for Summary Judgment will be granted, and this case will be dismissed.

I.     BACKGROUND

Plaintiff's claims in his Complaint arise out of his employment with the United States Postal Service and an on-the-job injury he suffered in 1999. The injury occurred during an argument between Plaintiff and a supervisor, during which Plaintiff's shoulder was struck with a door, causing injury to his neck, shoulder and arm. According to the medical records submitted by Plaintiff, it appears that Plaintiff was determined to have a 5% partial permanent impairment as a result of the injury, resulting in some limitations on the amount of time he can spend each day on certain types of activities, particularly bending, twisting, and reaching above

his shoulder. (See Plaintiff's Response [Document #20] at Ex. A at p. 1, 3.) Plaintiff also contends that he suffers from depression and anxiety as a result of the injury, and has submitted a letter from his psychiatrist stating that as of September 2006, Plaintiff is "completely disabled and unable to perform gainful employment." (See Plaintiff's Notice [Document #14] at Ex. 4 at p. 15 (marked as #126).)

Plaintiff previously filed a suit in this Court under the Federal Tort Claims Act seeking damages for his injury, but that suit was dismissed because Plaintiff had already made a successful claim for the injury under the Federal Employee's Compensation Act (FECA), 25 U.S.C. § 8101. See Lee v. United States, 171 F. Supp. 2d 566 (M.D.N.C. 2001). Plaintiff brings suit in the present case apparently based on his dissatisfaction with the FECA process. Based on the evidence presented in the present case, it appears that the Department of Labor awarded Plaintiff FECA benefits, and undertook an extended review to determine Plaintiff's ultimate permanent impairment for placement in an appropriate position. (See Government's Memorandum [Document #17] at Ex. A-1, Ex. C; Plaintiff's Response [Document #20] at Ex. A at p. 2; Plaintiff's Notice [Document #14] at Ex. 3 at p. 31, 33 (marked as #65, #67).) During this period from 2000 through 2004, Plaintiff returned to work with the Postal Service on limited duty to accommodate his medical restrictions. Plaintiff contends that he should have been placed in a permanent limited duty position during this time, but the Department of Labor was still, as part of the FECA process, determining the extent of his permanent injury and the ultimate determination and placement under FECA. The Department of Labor subsequently instructed the Postal Service to offer Plaintiff a permanent limited duty position, or inform the

2

Department of Labor if one was not available so that the Department of Labor could begin potential retraining and job placement. (See Plaintiff's Response [Document #20] at Ex. A at p.1.) The Postal Service contends that it offered Plaintiff a modified limited duty position. (See Government's Memorandum [Document #17] at Ex. A at para. 5, and Ex. A-1.) In addition, information Plaintiff has submitted from the Department of Labor indicates that the Postal Service informed the Department of Labor that it would be able to offer the modified employment, and the Department of Labor undertook to coordinate Plaintiff's re-employment in a suitable position with the Postal Service. (See Plaintiff's Notice [Document #14] at Ex. 3 at p. 33 (marked as #67).) However, Plaintiff eventually stopped working completely, and the Department of Labor determined in November 2005 that Plaintiff's condition had not improved to the point that would allow him to return to any type of limited duty work. (See Plaintiff's Notice [Document #14] at Ex. 3 at p. 30 (marked as #66).) This is consistent with the most recent medical information submitted by Plaintiff, which indicates that he is "completely disabled and unable to perform gainful employment." (See Plaintiff's Notice [Document #14] at Ex. 4 at p. 15 (marked as #126).) As a result of this determination by the Department of Labor, Plaintiff has apparently continued to receive full FECA benefits since that time. (See Plaintiff's Notice [Document #14] at Ex. 3 at p. 30 (marked as #66); Plaintiff's Response [Document #20] at Ex. A at p.17.) To the extent that Plaintiff would be able to work, the Postal Service contends that a modified limited duty position would be available, although any offer and acceptance of that position would be coordinated by the Department of Labor as part of the FECA process.

Plaintiff's *pro se* Complaint in the present case is unclear, but Plaintiff has divided his Complaint into three purported claims. First, Plaintiff attempts to state a claim for "Rehabilitation violations" based on his contention that "the United States Postal Service is responsible for my intentional Tort" and that "FECA benefits were not fully given, because they have ignored half of my injuries." Plaintiff contends that all of his medical bills have not been paid, that the Postal Service "refused further physical therapy," and failed to provide him with a permanent limited duty position.

Second, Plaintiff attempts to state a claim for "violation of National Agreement of Rehabilitation Act Section 546, of the Employee Labor Management (ELM) and Article 21 section 4." This claim appears to be brought pursuant to the Collective Bargaining Agreement ("the Agreement") between the Defendant and the American Postal Workers Union, based on provisions of the Agreement incorporating the Rehabilitation Act and the Federal Employee's Compensation Act. In this claim, Plaintiff contends that he is entitled to "time and a half for all of the time out of schedule." Plaintiff's claim for relief is apparently based on his contention that under the Collective Bargaining Agreement, he is entitled to "time and a half" pay for "out of schedule" work for any period when he was in a temporary limited duty position or was receiving FECA benefits and was not working.

Third, and finally, Plaintiff in his Complaint attempts to state a claim under the "Disability Act" (presumably the Rehabilitation Act) for disability discrimination and failure to accommodate based on the Postal Service's refusal to provide him with "further rehabilitation

that [his] doctor recommends" and a "rehabilitation job."[1] (Compl. at 2-3.) Thus, all of Plaintiff's claims center around his basic contention that the Postal Service has failed to provide him with certain FECA benefits, including payment of medical bills and placement in a permanent "rehabilitation" position, in violation of either FECA, the Collective Bargaining Agreement, or the Rehabilitation Act.

In its present Motion for Summary Judgment, the Government contends that Plaintiff's claims are not properly before the Court because he is essentially seeking review of benefits awarded under FECA, which is within the province of the Department of Labor and is not subject to judicial review. With respect to Plaintiff's purported claim under the Collective Bargaining Agreement, Defendant also contends that Plaintiff has failed to exhaust his remedies or pursue the required Collective Bargaining Agreement grievance and arbitration procedure.[2] Each of these contentions will be considered in turn.

II.     ANALYSIS

As this Court noted in Plaintiff's previous case, "FECA establishes a worker's

---

[1] Plaintiff's Complaint also refers to a "lewd racial statement," but Plaintiff has not attempted to state a claim for race discrimination, nor has he pursued any administrative process or exhausted his administrative remedies with respect to any alleged racial discrimination. Therefore, the Court concludes that no separate racial discrimination claim is before the Court in the present suit.

[2] To the extent any of Plaintiff's claims might fall outside of FECA, Defendant further contends that Plaintiff has not established that he is a qualified individual with a disability within the meaning of the Rehabilitation Act, and he has failed to present evidence to establish a prima facie case of either disability discrimination or failure to accommodate. Because the Court concludes that all of Plaintiff's claims in this case are simply challenges to the FECA process within the exclusive province of the Department of Labor, the Court need not reach these alternative contentions.

compensation program for federal employees, and . . . it provides the exclusive remedy for a federal employee seeking compensation from the United States for work-related injuries." Lee, 171 F. Supp. 2d at 578. Under FECA, the Department of Labor is charged with reviewing benefit determinations for federal employees injured on the job, and the Department of Labor's determination is "final and conclusive" and "not subject to review . . . by a court by mandamus or otherwise." 5 U.S.C. § 8128. "The Act vests with the Secretary of Labor exclusive authority to administer FECA and to decide all questions arising under FECA, including eligibility for benefits. To insure uniformity, the Secretary of Labor's decisions on questions under FECA are not subject to judicial review by mandamus or otherwise." Wallace v. United States, 669 F.2d 947, 951 (4th Cir. 1982); see also Southwest Marine v. Gizoni, 502 U.S. 81, 90, 112 S. Ct. 486, 493, 116 L. Ed. 2d 405 (1991) (noting that "FECA contains an 'unambiguous and comprehensive' provision barring any judicial review of the Secretary of Labor's determination of FECA coverage"); Hanauer v. Reich, 82 F.3d 1304 (4th Cir. 1996) (noting that judicial review is allowed only if the petitioner contends that the Department of Labor "violated a clear statutory mandate").

In light of this rule, to the extent Plaintiff's claims are in fact claims for benefits under FECA, those claims are not properly before the Court because the Department of Labor has been given exclusive authority over FECA claims. In the Complaint in this case, Plaintiff challenges denial of reimbursement for physical therapy, refusal to provide further rehabilitation, and refusal of the Postal Service to accept all of his injuries. These determinations are clearly claims for benefits under FECA that are not subject to judicial review. In addition, Plaintiff also

challenges the FECA job placement process and the job retraining that would be provided if a permanent rehabilitation position was not available. However, these are also FECA benefit determinations that are within the province of the Department of Labor. In any event, it appears that the Department of Labor has accepted Plaintiff's medical evidence and determined that he is in fact fully disabled and entitled to FECA benefits as a result of his injury. If there are ongoing administrative issues between the United States Postal Service and the Department of Labor, Plaintiff may pursue his concerns with the Department of Labor, but this Court may not review or oversee this determination and administration of Plaintiff's FECA claim.

Moreover, to the extent Plaintiff contends that he has brought claims under the "Rehabilitation Act" or the "Disability Act," the Court notes that the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*, forbids federal employers from discriminating against persons with disabilities. However, the Rehabilitation Act may not be used to obtain FECA benefits or judicial review of a FECA determination. See Meester v. Runyon, 149 F.3d 855, 857 (8th Cir. 1998) (holding that a "frustrated FECA claimant cannot secure judicial review of a FECA compensation decision" using the Rehabilitation Act). In the present case, as discussed above, Plaintiff's demand for FECA benefits is part of the FECA determination which is not subject to judicial review. Moreover, the Postal Service has presented evidence to establish that they have attempted to accommodate Plaintiff by offering him a modified limited duty position that complies with the physical limitations recommended by his physician during the time period while the FECA benefit determination process was underway. Ultimately, Plaintiff has been out of work accepting FECA benefits based on his own evidence indicating that he is "completely

7

disabled and unable to perform gainful employment" as a result of his on-the-job injury. In these circumstances, the Court concludes that Plaintiff has not stated a separate Rehabilitation Act claim apart from his FECA claims, and because Plaintiff is simply attempting to obtain judicial review of the FECA process and determination, the purported Rehabilitation Act claim will be dismissed.

Finally, with respect to any claim that the Postal Service violated the Collective Bargaining Agreement, Plaintiff was required under the terms of the Agreement to first pursue his claims under the grievance-arbitration process outlined in the Agreement. (See Government's Memorandum [Document #17] at Ex. B.) "It is a well-established principle of labor law that a union and its members must exhaust the remedies provided in their collective bargaining agreement with the employer before they seek judicial intervention." National Post Office Mail Handlers Local No. 305 v. United States Postal Service, 594 F.2d 988, 991 (4th Cir. 1979); see also Conrad v. United States Postal Service, 494 F. Supp. 761, 769 (M.D.N.C. 1980) (noting that in suits by postal employees alleging violations of collective bargaining agreements, "union members must first exhaust contractual grievance-arbitration procedures").

In the present case, Plaintiff alleges a violation of the Collective Bargaining Agreement contending that he is entitled to "out of schedule" premium pay for the time he has been in a limited duty position or on FECA disability. Having reviewed Plaintiff's contentions, the Court notes first that Plaintiff has not shown any actual violation of the provisions of the Collective Bargaining Agreement or any basis to conclude that he is entitled to "out of schedule" premium pay. Moreover, Plaintiff has not pursued the grievance-arbitration process as to any of his

8

present claims. Plaintiff does contend that he previously pursued the grievance-arbitration process, but he has not presented sufficient evidence to determine whether he in fact did so and how that process was concluded. Moreover, based on the evidence that he has submitted, it does not appear that any prior use of the grievance-arbitration process involved the claim he raises in the present case for "out of schedule" pay. Because Plaintiff has not exhausted his contractual procedures as to this claim, Plaintiff cannot bring his present claim for alleged violation of the Collective Bargaining Agreement. As a result, Plaintiff's purported claims for violation of the Collective Bargaining Agreement are subject to dismissal.

III.   CONCLUSION

For the reasons stated above, the Court concludes that Plaintiff in this case brings claims challenging his FECA benefits and the FECA process, which are within the exclusive province of the Department of Labor and are not subject to judicial review by this Court. In addition, to the extent Plaintiff attempts to bring a claim for violation of the Collective Bargaining Agreement, Plaintiff has not established any violation of the Agreement, and in any event has failed to exhaust the grievance-arbitration procedure with respect to the claims alleged here. Therefore, Defendant's Motion for Summary Judgment will be granted and Plaintiff's claims will be dismissed.[3]

---

[3] The Court notes that there was some dispute between the parties regarding additional information Plaintiff filed in response to Defendant's Reply Brief, which the Government moved to strike [Document #23], and which Plaintiff then requested leave to file [Document #26]. In the interest of fairness and considering Plaintiff's *pro se* status, the Court has considered all of the information submitted by Plaintiff. Therefore, these remaining Motions [Document #23, 26] are Moot.

9

An Order and Judgment consistent with this Memorandum Opinion will be filed contemporaneously herewith.

This, the 27th day of March, 2008.

_____
United States District Judge